337 F.2d 376
 Sailor G. FITZGERALD, Appellant and Cross-Appellee,
v.
POLISH OCEAN LINES, also known as Polskie Linie Oceanczne,
Defendant and Third-Party Plaintiff, and BOSTON
METALS COMPANY, Third-Party Defendant,
Appellees and Cross-Appellants.
 No. 9467.
 United States Court of Appeals Fourth Circuit.
 Argued Sept. 30, 1964.
Decided Oct. 20, 1964.
 
 John J. O'Connor, Jr., Baltimore, Md. (O'Connor & Preston, Baltimore, Md., on brief), for appellant and cross-appellee.
 Randall C. Coleman, Baltimore, Md. (Southgate L. Morison and Ober, Williams & Grimes, Baltimore, Md., on brief), for appellee and cross-appellant Polish Ocean Lines.
 W. Hamilton Whiteford and Donald N. Rothman, Baltimore, Md., for appellee and cross-appellant Boston Metals Co.
 Before BRYAN, FAHY and BELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The adequacy of a verdict in his favor for personal injuries is the issue upon this appeal by Sailor G. Fitzgerald in his action against the Polish Ocean Lines, owner and operator of the M. V. Krynica. A longshoreman, he was employed by the Boston Metals Company which was the stevedore loading the vessel at Baltimore, Maryland.
 
 
 2
 Fitzgerald was struck when a bundle of dunnage fell from its storage place in the lower hold. Upon a peremptory charge by the Court of the unseaworthiness of the ship in the circumstances, the jury awarded him $17,600.00. It fixed total damages of $22,000.00 but deducted 20% By way of mitigation for his contributory negligence.
 
 
 3
 The shipowner had impleaded the stevedore for indemnity, accusing Boston Metals of breaching its contractual warranty to perform the loading in a workman-like manner. This claim, too, was sustained, the jury assessing damages against Boston Metals in the sum of $17,600.00, the net amount it returned against the shipowner.
 
 
 4
 The inadequacy imputed by Fitzgerald to the verdict is ascribed by him as due to the refusal of the trial court to propound certain questions to the veniremen on voir dire, the disobedience by the jury of the court's instructions upon damages and their failure to regard the medical evidence in the case. Additionally, Fitzgerald contends that the evidence was insufficient to tender an issue of contributory negligence.
 
 
 5
 Our examination of the record discloses no error of the court or fault in the verdict save the submission and finding of contributory negligence. We perceive no evidential basis for the finding, and therefore we reinstate the diminution of the total award. Through the District Judge's foresight in using special interrogatories in place of a general verdict this correction can now be made without another trial. The judgment in review will be amended by increasing the recovery to the plaintiff to $22,000.00.
 
 
 6
 On the claim of the shipowner against the stevedore we find no flaw in trial. Whether or not the stevedore exercised the care required by its warranty was comprehensively and accurately tendered by the court to the jury for resolution. Their resolve was against the stevedore and we have no reason to disturb it, except to increase the amount from $17,600.00 to $22,000.00, indisputably the correct amount of the indemnity when the verdict of Fitzgerald against the shipowner has been raised to $22,000.00.
 
 
 7
 With these modifications the judgments now before us will be affirmed.
 
 
 8
 Affirmed as modified.